UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ALFRED ROSS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:06-CV-816 WL |
| v. | ) | |
| | ) | |
| YOLANDA MILLER | ) | |
| and ST. JOSEPH COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Alfred Ross, Jr., a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Ross alleges that on November 28, 2006, Yolanda Miller gave him a uniform that was too small. On November 29, 2006, he sought medical treatment because the uniform was rubbing is neck and causing it to bleed. On December 1, 2006, he saw a doctor who treated him for an open wound on his neck and determined that it had been caused by a uniform that was too small. The doctor had his wound bandaged and ordered that he be given a 4XL uniform. He alleges that he was not given a new uniform until the next day, on December 2, 2006, when the nurse changed his bandage. Three days later, on December 5, 2006, he alleges that Yolanda Miller refused to give him a 4XL uniform and refused to exchange his bedding. He also alleges that she made threatening statements to him. Mr. Ross brings this case seeking monetary damages from Yolanda Miller and the Saint Joseph County Jail for a denial of medical treatment.

Mr. Ross does not allege that the threats were carried out, and based on this complaint which was signed six days after the threats were made, it would not be reasonable to infer that they were. Though threatening comments may be unprofessional "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

Prior to obtaining a doctor's order for a larger uniform, providing Mr. Ross with a small uniform could not have been a denial of medical treatment. When Mr. Ross sought medical attention, he was seen and treated. Therefore no claim can exist prior to the doctor's order. Mr. Ross argues that the order for a 4XL uniform was ignored until the next day. Since his wound was

2

bandaged and the doctor allowed him to leave with the same uniform in which he arrived, a one day delay is at most a *de minimis* injury. "There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), *see also Hudson v. McMillian* , 503 U.S. 1, 9-10 (1992).

Three days later, Mr. Ross who was then wearing a 4XL uniform, alleges that he was unable to obtain another one or exchange his sheets. What he does not allege is that he suffered any actual injury as a result. Again, based on this complaint, it would not be reasonable to infer that any actual injury has occurred. To prevail in a medical case, a plaintiff must demonstrate actual injury caused by the defendant's actions or omissions. *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000).

Though Mr. Ross may be upset by the way he has been treated and the comments that were made to him, there is no legal basis for imposing liability on these defendants for these actions nor for assessing the combined half million dollar recovery that he seeks.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. §1915A.

SO ORDERED.

ENTERED: December   19   , 2006

                                              S/William C. Lee
                                              William C. Lee, Judge
                                              United States District Court